**Omar KHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3836.

United States Court of Appeals, Sixth Circuit.

Feb. 24, 2004.

Marisa Petrella, Southfield, MI, for Petitioner.

Papu Sandhu, Allen W. Hausman, Office of Immigration Litigation, Michele Y.F. Sarko, Emily A. Radford, Office of Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before DAUGHTREY, COLE, Circuit Judges; and POLSTER, District Judge.*

\* The Honorable Dan Aaron Polster, United States District Judge, Northern District of Ohio, sitting by designation.

**ORDER**

PER CURIAM.

Petitioner Omar Khan seeks review of a decision by the Board of Immigration Appeals dismissing his appeal from the decision of an immigration judge that found petitioner removable from the United States to Pakistan. Although Khan invokes a smorgasbord of statutory, constitutional and equitable barriers to his removal, they coalesce into arguments that: (1) officials from the Department of Justice, Office of Inspector General (OIG), promised him lawful resident status to induce his cooperation in an OIG investigation of corrupt immigration officials; and (2) the Immigration and Naturalization Service (INS) impermissibly delayed seeking his deportation until Congress enacted legislation unfavorable to him.

The record reflects that the immigration judge (IJ) conducted a hearing on Khan's application for a suspension of deportation and cancellation of removal. At that hearing, the IJ stated that he did not doubt Khan's integrity or disbelieve Khan's attorney's representations about promises made by OIG representatives. As to such promises, the IJ concluded. "They don't have the authority to do that...." The hearing was concluded, it appears, without the opportunity for Khan to submit evidence in support of his contentions regarding such promises.

Given the sparsity of the record, we offer no conclusion as to whether OIG officials possessed the authority to extend Khan's lawful domestic presence. We are unwilling to say, however, that there is no set of facts under which Khan could make out his claim. Instead, we remand this

matter to the IJ for a further development of the record, including the admission into evidence of the circumstances surrounding any alleged promises made by OIG officials to Khan regarding his ability to remain in the United States due to his cooperation with the government. Specifically, Khan should be allowed, subject to applicable evidentiary rules, to submit into evidence before the IJ all documents and other evidence in support of the promises or representations purportedly made by OIG officials, including the statements of OIG Agent Edward Diner, regarding Khan's ability to remain in the United States lawfully as a result of such cooperation.

In conducting a hearing on remand, the immigration judge need not consider Khan's claim that laches prevents the INS from seeking his removal. We find no merit in Khan's laches claim and reject it.

We therefore REVERSE the decision of the Board of Immigration Appeals, VACATE the order of the immigration judge, and REMAND this matter to the immigration judge for a new hearing, with the specific request that the immigration judge expedite the hearing. Upon conclusion of the hearing and appeal, if any, to the BIA, any appeal to this Court likewise will be expedited and considered by this panel.